UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTINA JOUNGSOON KIM, also known as
MARIA J. KIM,

       Plaintiff,

  -against-

KELVIN (KEVIN) NELSON,

       Defendant.

21-CV-6695 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

  Plaintiff brings this action pro se. Because Plaintiff and Defendant are citizens of different states, and Plaintiff seeks damages in excess of $75,000, the Court construes Plaintiff's claim as arising under the court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. By order dated November 23, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, or in forma pauperis (IFP).

## DISCUSSION

  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to effect service if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Kelvin (Kevin) Nelson through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons, complete the USM-285 forms with the address for Kelvin (Kevin) Nelson, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: November 29, 2021
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Kelvin (Kevin) Nelson
237 Montgomery Street
Jersey City, New Jersey 07302