UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUSTINA JOUNGSOON KIM, *also known as* MARIA J. KIM

                               Plaintiff,

   v.

KELVIN (KEVIN) NELSON,

                              Defendant.

No. 21-CV-6695 (KMK)

ORDER OF DISMISSAL

---

KENNETH M. KARAS, United States District Judge:

    Justina Joungsoon Kim, also known as Maria J. Kim, ("Plaintiff"), brings this pro se Action against Kelvin (Kevin) Nelson ("Defendant"). Plaintiff filed her complaint on August 5, 2021. (Dkt. No. 2.) Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The 90-day time period for service of Plaintiff's Complaint expired on November 3, 2021.

    By November 29, 2021, Plaintiff had failed to effectuate service on Defendant. That day, the Clerk of Court was ordered to issue a summons and deliver the necessary materials to effect service to the U.S. Marshals Service. (Dkt. No. 6.) This package of information was mailed to Plaintiff the following day. (Dkt. Nos. 7–8.)

    Following the Marshals' mailing the necessary information, two months passed without further prosecution of the case. Thus, on January 28, 2022, the Court issued an order to Plaintiff to have the Summons and Complaint properly served on Defendant. (Dkt. No. 9.) The Court warned that "[i]f service is not made upon Defendants or Plaintiff fails to show good cause why

such service has not been effected by February 28, 2022, the Court may dismiss this Action." (*Id.*)

Subsequently, on March 17, 2022, the Court issued an Order to Show Cause as to why the case should not be dismissed without prejudice for failure to prosecute. (Dkt. No. 10.) Once again, the Order warned that "[t]he Court may dismiss this case without prejudice without further notice in the event that good cause is not shown." (*Id.*)

The following day, the Court received a letter from Plaintiff. (Dkt. No. 11.) In substance, the letter reiterated the same allegations as the initial Complaint, while seemingly adding new allegations of fraud carried out by the same perpetrator and in the same vein as those giving rise to the Complaint; Plaintiff alleges that these new instances of fraud occurred since she filed the instant Action. (*See generally id.*) The letter omitted any reference to Plaintiff's service of the Complaint, as instructed by the Court's prior Orders.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "a harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (citation and quotation marks omitted). The Second Circuit

has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citation omitted). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations omitted) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210 (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)); *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissing this Action. Plaintiff was repeatedly warned that the Court may dismiss Plaintiff's case for failure to serve Defendant. (Dkt. Nos. 9, 10.) Plaintiff has only communicated with the Court regarding new allegations of fraud and her plans to "sell his house [when she] get[s] [her] money back." (Dkt. No. 11.) Given the duration of Plaintiff's failures to comply with multiple orders of this Court, and the repeated notice provided to Plaintiff that her case would be dismissed, the Court concludes that dismissal is warranted. However, in light of Plaintiff's pro se status, dismissal without prejudice appropriately takes into account the efficacy of lesser sanctions. *See Waters v. Camacho*, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions.").

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Ramsaran v. Abraham*, No. 15-CV-10182, 2017 WL 6542499, at *4 (S.D.N.Y. Dec. 21, 2017) (dismissing certain claims for failure to prosecute when the plaintiff did not comply with a court order); *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (dismissing case and noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case" (italics omitted)); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the plaintiffs failed to respond to correspondence from defense counsel and the court received no communication from the plaintiffs for nearly two months).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to close this case.

SO ORDERED.

DATED:   March 31, 2022
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4